# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Eric Hasselman

**DEFENDANTS**

SharkNinja Operating, LLC and SharkNinja, Inc.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Norfolk County, MA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Russell P. Lieberman, Esquire

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [x] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Section 1332

Brief description of cause:
Defective Blender

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
July 15, 2025

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:_New Jersey_____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                          Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?         Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?              Yes ☐
If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☒ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ERIC HASSELMAN<br>921 Ayrdale Place<br>Philadelphia, PA 19128 | CIVIL ACTION NO. |
| Plaintiff, | COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| SHARKNINJA OPERATING, LLC<br>89 A Street, Suite 100<br>Needham, MA 02494 |  |
| And |  |
| SHARKNINJA, INC.<br>89 A Street, Suite 100<br>Needham, MA 02494 |  |
| Defendants. |  |

## **COMPLAINT**

**AND NOW** Plaintiff, Eric Hasselman, by and through his attorneys, White and Williams, LLP, states that he has a cause of action against Defendants, SharkNinja Operating, LLC and SharkNinja Inc. and in support thereof avers as follows:

## **PARTIES**

1.      Plaintiff, Eric Hasselman, is an adult individual who resides at 921 Ayrdale Place, Philadelphia, PA 19128.

2.      Defendant SharkNinja Operating, LLC is incorporated in Delaware and its principal place of business is in Massachusetts located at 89 A Street, Suite 100, Needham, MA 02494.

50380020v.1

3.     Defendant SharkNinja Operating, LLC has a registered service address at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

4.     Defendant SharkNinja, Inc. is incorporated in the Cayman Islands and its principal place of business is in Massachusetts located at 89 A Street, Suite 100, Needham, MA 02494.

## NATURE OF THE CASE

5.     This case arises out of an incident that occurred on or about July 16, 2023 at Plaintiff's residence which at the time was in New Jersey.

6.     On or about July 16, 2023, Plaintiff sustained serious bodily injuries by a SS351 Series Ninja Foodi Power Blender & Processor System when the unsecured blade fell out of a blender and severely injured Plaintiff due to the unsafe, dangerous, defective design and/or manufacture of the blender, which was designed, manufactured, and placed into the stream of commerce by Defendants, SharkNinja Operating, LLC and SharkNinja Inc.

## JURISDICTION AND VENUE

7.     This Honorable Court has subject matter jurisdiction over this action pursuant to diversity jurisdiction prescribed by 28 U.S.C. §1332, because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and there is complete diversity between the parties.

8.     Venue in this action is proper in the Eastern District of Pennsylvania pursuant to U.S.C. §1391, because Defendants have sufficient minimum contacts with the State of Pennsylvania and intentionally availed itself of the markets within Pennsylvania through the promotion, sale, marketing, and distribution of its products.

50380020v.1

**FACTS**

9.      Defendants SharkNinja Operating, LLC and SharkNinja Inc. design, manufacture, market, import, distribute and sell consumer products such as blenders, including the subject "Ninja Blender", which specifically includes the SS351 model (referred to hereafter as "Ninja blender(s)") that is at issue in this case.

10.     Ninja blenders, including the Ninja blender that injured Plaintiff, essentially have three main components: a base unit which contains a high-speed motor and gear shaft ("motor base"); a pitcher, which locks on to the motor base; and a stacked blade assembly with six sharp blades which is dropped onto the gear shaft ("blade assembly"); and a plastic lid mounted with metal blades ("blade base"), which screws into the cup and is energized by the base.

11.     The blade assembly does not lock into place and is not otherwise secured to the gear shaft. Instead, the blade assembly sits "loosely on the drive gear."

12.     Defendants were aware of this defect as early as November 12, 2015, when, in in conjunction with the Consumer Product Safety Commission ("CPSC"), it recalled roughly 1.1 million of its Ninja BL660 series blenders for this precise defect.[1]

13.     According to the CPSC, the firm received 53 reports of lacerations caused by the stacked blade assembly falling out of the pitcher when consumers poured or inverted the pitcher after removing the lid with the blade assembly still inside.[2]

14.     Despite their knowledge of this defect, Defendants continued to sell and design blenders with loose, unsecured blade assemblies, including blenders like the SS351 model involved in this case.

---

[1] *See* the CPSC Recall Notice from November 12, 2015. (https://www.cpsc.gov/Recalls/2016/Laceration-Injuries-Prompt-SharkNinja-to-Recall-Ninja-BL660-Blenders), a copy of which is attached hereto as "Exhibit A."
[2] Id.

-3-

15. The Ninja blenders are defectively designed and manufactures in that the unit's stacked blade assembly does not lock into place and is not secure to the gear shaft. When used in its normal and intended manner by consumers, the blade assembly can fall out of the pitcher, putting the user at risk of sustaining severe lacerations and injuries requiring medical attention. The Ninja blenders pose a safety risk to consumers and to other individuals who may be in close proximity to the Ninja blenders while they are in use.

16. Defendants knew or should have known of these defects, but continued to market and sell its Ninja blenders to consumers and failing to recall the dangerously defective Ninja blenders regardless of the risk of significant injuries to Plaintiff and consumers like him.

17. Plaintiff used the blender with reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of blending.

18. On or about July 16, 2023, Plaintiff used the blender to make a protein shake. When he took the lid off, the blade unexpectedly dislodged and fell out of the blender onto the counter and into his left hand.

19. The blade sliced into Plaintiff's land hand and fingers, causing severe injuries, including but not limited to the severing of a tendon, laceration of the left thumb with extensor pollicis longus laceration, continued nerve injury and pain and numbness.

20. The accident and injuries were caused by the combined liability-producing conduct of the Defendants, consisting of designing, manufacturing, producing, selling, and placing into the stream of commerce defective products, and by failing to exercise reasonable care in designing, marketing, selling, and using the products.

-4-

50380020v.1

-5-

21.    Plaintiff has been required to undergo medical, surgical, rehabilitative, and related care and treatment for his injuries.

22.    Plaintiff has been left with severe nerve damage and permanent scarring and disfigurement.

23.    As a direct and proximate result of Defendants' conduct, the accident and the resulting injuries, Plaintiff has in the past and will in the future suffer from severe physical and psychological pain and suffering, a loss of life's pleasures, and embarrassment.

24.    As a direct and proximate result of Defendants' conduct, the accident and the resulting injuries, Plaintiff has been required to expend certain sums of money for medical treatment and will be required to incur expenses for medical and related treatment indefinitely into the future.

25.    As a direct and proximate result of Defendants' intentional concealment of such defects, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous blender, which resulted in significant and painful bodily injuries.

26.    Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendants' blender as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## COUNT I
### PLAINTIFF V. DEFENDANTS SHARKNINJA OPERATING, LLC AND SHARKNINJA INC.
### STRICT LIABILITY

27.    Paragraphs 1-26 are incorporated by reference as though fully set forth.

-5-

50380020v.1

28. At the time of Plaintiff's injuries, Defendants' Ninja blenders were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

29. Defendants' Ninja blenders were in the same or substantially similar condition when they left the possession of Defendants.

30. Plaintiff did not misuse or materially alter the Ninja blender.

31. The Ninja blender did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

32. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the Ninja blenders safe. Specifically:

   a. The Ninja blenders designed, manufactured, sold, and supplied by Defendants were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

   c. Defendants failed to properly market, design, manufacture, distribute, supply, and sell the Ninja blenders, despite having extensive knowledge that the aforementioned injuries could and did occur;

   d. Defendants failed to warn and place adequate warnings and instructions on the Ninja blenders;

   e. Defendants failed to adequately test the Ninja blenders; and

   f. Defendants failed to market an economically feasible alternative design, despite the existence of the aforementioned economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

33. Defendants' actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

-6-

**WHEREFORE**, Plaintiff, Eric Hasselman demands judgment in his favor and against Defendants, SharkNinja Operating, LLC and SharkNinja Inc., either individually and/or jointly, severally, and/or vicariously for the aforesaid damages and in an amount in excess of $75,000 plus interest, delay damages, and costs of suit.

**COUNT II**
**PLAINTIFF V. DEFENDANTS SHARKNINJA**
**OPERATING, LLC AND SHARKNINJA INC.**
**NEGLIGENT DESIGN DEFECT**

34. Paragraphs 1-33 are incorporated by reference as though fully set forth.

35. Defendants are the designer, manufacturer, seller, distributor, marketer, and/or supplier of the subject Ninja blenders, which were negligently designed.

36. Defendants failed to exercise reasonable care in designing, developing, manufacturing, inspecting, testing, packaging, selling, distributing, labeling, marketing, and promoting its Ninja blenders, which were defective and presented and unreasonable risk of harm to consumers, such as Plaintiff.

37. As a result, the subject Ninja blenders, including Plaintiff's Ninja blender, contain defects in their design which render them unreasonably dangerous to consumers, such as the Plaintiff, when used as intended or as reasonably foreseeable to Defendants, which causes an unreasonable increased risk of injury.

38. Plaintiff in this case used his Ninja blender in a reasonably foreseeable manner and did so as Defendants substantially intended.

39. The subject Ninja blender was not materially altered or modified after being manufactured by Defendants and before being used by Plaintiff.

40. As a direct and proximate result of Defendants' negligent design of its Ninja blenders, the Plaintiff in this case suffered injuries and damages described herein.

-7-

50380020v.1

**WHEREFORE**, Plaintiff, Eric Hasselman demands judgment in his favor and against Defendants, SharkNinja Operating, LLC and SharkNinja Inc., either individually and/or jointly, severally, and/or vicariously for the aforesaid damages and in an amount in excess of $75,000 plus interest, delay damages, and costs of suit.

## COUNT III
## PLAINTIFF V. DEFENDANTS SHARKNINJA OPERATING, LLC AND SHARKNINJA INC. NEGLIGENT FAILURE TO WARN

41. Paragraphs 1-40 are incorporated by reference as though fully set forth.

42. At the time in which the Ninja blender was purchased, through the time Plaintiff was injured, Defendants knew or had reason to know that its Ninja blenders were dangerous and created an unreasonable risk of harm to consumers.

43. Defendants had a duty to exercise reasonable care to warn consumers of the dangerous conditions or the facts that made its Ninja blenders likely to be dangerous.

44. As a direct and proximate result of Defendants' failure to warn of the dangers of its Ninja blenders, the Plaintiff in this case suffered injuries and damages described herein.

**WHEREFORE**, Plaintiff, Eric Hasselman demands judgment in his favor and against Defendants, SharkNinja Operating, LLC and SharkNinja Inc., either individually and/or jointly, severally, and/or vicariously for the aforesaid damages and in an amount in excess of $75,000 plus interest, delay damages, and costs of suit.

## COUNT IV
## PLAINTIFF V. DEFENDANTS SHARKNINJA OPERATING, LLC AND SHARKNINJA INC. NEGLIGENCE

45. Paragraphs 1-44 are incorporated by reference as though fully set forth.

-8-

50380020v.1

46. The injuries were caused by the defective nature of SS351 Series Ninja Foodi Power Blender & Processor System designed, manufactured, sold, supplied, and/or placed into the stream of commerce by Defendants.

47. Defendants have a duty of reasonable care to design, manufacture, market, and sell non-defective Ninja blenders that are reasonably safe for their intended uses by consumers, such as Plaintiff and his family.

48. Defendants failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and/or marketing of its Ninja blenders in that Defendants knew or should have known that said Ninja blenders created a high risk of unreasonable harm to the Plaintiff and consumers alike.

49. Defendants were negligent in the design, manufacture, advertising, warning, marketing and sale of its Ninja blenders in that, among other things, they:

    a. Failed to use due care in designing and manufacturing the Ninja blenders to avoid the aforementioned risks to individuals;

    b. Placed an unsafe product into the stream of commerce;

    c. Aggressively over-promoted and marketed its Ninja blenders through television, social media, and other advertising outlets; and

    d. Were otherwise careless or negligent.

50. The blender was defective in the following manners:

    a. The blender lacked adequate warnings;

    b. The blender lacked features necessary to make it safe for intended use;

    c. The blender contained design features which made it unsafe for its intended purpose;

50380020v.1

d.  The blender was designed in such a way that the blade cannot be locked into the bottom of the blender;

e.  The utility of the blender is greatly outweighed by the risks posed by the blender to its intended users.

51.  Even though Defendants knew or should have known of the aforementioned defects, Defendants continued to market its Ninja blenders to the general public.

**WHEREFORE**, Plaintiff, Eric Hasselman demands judgment in his favor and against Defendants, SharkNinja Operating, LLC and SharkNinja Inc., either individually and/or jointly, severally, and/or vicariously for the aforesaid damages and in an amount in excess of $75,000 plus interest, delay damages, and cost of suit.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury as to all issues so triable as a matter of right, pursuant to F.R.C.P. 38(b)(1) and 38(c).

Plaintiff Eric Hasselman

By his attorneys,

*/s/ Russell P. Lieberman*

By: _____

Russell P. Lieberman (PA 309695)
White and Williams LLP
1650 Market Street
One Liberty Place | Suite 1800
Philadelphia, PA 19103-7395
Phone: (215) 864-6285
Fax: (215) 789-7533
liebermanr@whiteandwilliams.com

Dated: July 15, 2025

-10-